UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN CARVALHO,

        Plaintiff,         Case No. 12-13629
                              Honorable Thomas L. Ludington

v.

GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA,

        Defendant.
                                /

**ORDER DIRECTING SUPPLEMENTAL BRIEFING**

The parties have each filed statements regarding the proper standard of review in this ERISA action. Defendant Guardian Life Insurance Company of America explains that because of Mich. Admin. Code R. 500.2202, the proper standard of review is de novo. Def.'s Statement 2, ECF No. 10. Plaintiff John Carvalho contends that because the ERISA Plan in question "expressly grants and [Defendant] exercises discretionary authority to determine eligibility for benefits," Pl.'s Statement 2, an arbitrary and capricious standard of review should apply. The applicable legal framework will be outlined below.

In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 105 (1989), the Supreme Court addressed "the appropriate standard of judicial review of benefit determinations" under § 1132(a)(1)(B) of ERISA. The issue was also taken up by the Court in *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008). The cases established two principles applicable to the standard of review relevant here. First, "Principles of trust law require courts to review a denial of plan benefits 'under a *de novo* standard' unless the plan provides to the contrary." *Id.* at 111 (quoting *Firestone*, 489 U.S. at 115). Second, a deferential standard of review is appropriate where the

plan "provides to the contrary by granting 'the administrator or fiduciary *discretionary authority* to determine eligibility for benefits.'" *Metro. Life*, 554 U.S. at 111 (quoting *Firestone*, 489 U.S. at 111, 115) (emphasis in original). The cases demonstrate that de novo review is appropriate unless the plan provides otherwise, and one method for doing so is granting discretion to the administrator or fiduciary.

Effective June 1, 2007, the Michigan Office of Financial and Insurance Services (OFIS) prohibited the use of discretionary clauses in disability policies. Specifically, OFIS directed that:

> Rule 500.2202 Discretionary Clauses Prohibited.
>
> Rule 2. (a) A discretionary clause unreasonably reduces the risk purported to be assumed in the general coverage of the policy within the meaning of MCL 500.2236(5).
>
> (b) On and after the first day of the first month following the effective date of these rules, an insurer shall not issue, advertise, or deliver to any person in this state a policy, contract, rider, indorsement, certificate, or similar contract document that contains a discretionary clause. This does not apply to a contract document in use before that date, but does apply to any such document revised in any respect on or after that date.
>
> (c) On and after the first day of the first month following the effective date of these rules, a discretionary clause issued or delivered to any person in this state in a policy, contract, rider, indorsement, certificate, or similar contract document is void and of no effect. This does not apply to contract documents in use before that date, but does apply to any such document revised in any respect on or after that date.

The regulation does not limit the scope of its prohibition to particular sections of a Plan, but proscribes the presence of discretionary clauses in any policy, contract, rider, indorsement, certificate, or similar contract that is revised in any aspect after June 1, 2007. *American Council of Life Insurers vs. Ross*, 558 F.3d 600, 609 (6th Cir. 2009) determined that the "Michigan rules fall within the ambit of ERISA's savings clause and are not preempted by that statute."

- 3 -

Therefore, if the Plan in question here was delivered or revised after June 1, 2007, the discretionary clause therein would be nullified, and a de novo standard of review would apply. At this point, however, whether that is the case is unknown.

Accordingly, it is **ORDERED** that Plaintiff is **DIRECTED** to file supplementary briefing documenting when she received the ERISA Plan in question and the last date it was revised. Further, Plaintiff shall explain what standard of review applies in light of the foregoing analysis. This briefing will be due no later than **December 28, 2012**.

It is further **ORDERED** that Defendant is **DIRECTED** to respond with supplemental briefing of its own, outlining the same, no later than **January 11, 2013**.

            s/Thomas L. Ludington
            THOMAS L. LUDINGTON
            United States District Judge

Dated: December 17, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 17, 2012.

       s/Tracy A. Jacobs
       TRACY A. JACOBS